

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District **MIDDLE** |
|---|---|
| Name (under which you were convicted): **JUAN MARCOS PEREZ** | Docket or Case No.: **5:07-cv-227-Oc-10GRJ** |
| Place of Confinement: **Hardee Corr. Inst.** | Prisoner No.: **126229** |

| Petitioner (include the name under which you were convicted) **JUAN MARCOS PEREZ** v. | Respondent (authorized person having custody of petitioner) **SECRETARY, DEPARTMENT OF CORRECTIONS, et al.** |
|---|---|
| The Attorney General of the State of | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **The Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida**
   (b) Criminal docket or case number (if you know): **00-3875-CF-A-X**
2. (a) Date of the judgment of conviction (if you know): **May 21, 2004**
   (b) Date of sentencing: **May 21, 2004**
3. Length of sentence: **Twenty Five (25) years imprisonment in FDOC**
4. In this case, were you convicted on more than one count or of more than one crime?  Yes ☑  No ☐
5. Identify all crimes of which you were convicted and sentenced in this case: **Count One, Kidnapping; Count Two, Lewd or Lascivious Battery.**

6. (a) What was your plea? (Check one)
   (1) Not guilty ☐         (3) Nolo contendere (no contest) ☐
   (2) Guilty ☑              (4) Insanity plea ☐



(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ❑       Judge only ❑

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ❑  No ❑

8. Did you appeal from the judgment of conviction?

    Yes ❑  No ☑

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?   Yes ❑  No ☑

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

_____

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

_____

_____

    (h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐ No ☑

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: __Fifth Judicial Circuit, Marion County, Florida__

    (2) Docket or case number (if you know): __00-09153__

    (3) Date of filing (if you know): __July 28, 2005__

    (4) Nature of the proceeding: __Motion for Postconviction Relief (3.850)__

    (5) Grounds raised: __Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 attacking his misdemeanor conviction of Failure to Register as a convicted Felon. Petitioner claimed that because his arrest for the misdemeanor was illegal/unlawful, that his subsequent conviction and sentence of 30 days incarceration constituted fundamental error, and had he known that the arrest on the misdemeanor charge was illegal he would not have entered a guilty plea.__

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐ No ☑

    (7) Result: __Summarily Denied__

    (8) Date of result (if you know): __September 9, 2005__

    (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: __Fifth Judicial Circuit, Marion County, Florida__

    (2) Docket or case number (if you know): __00-3875-CF-A-X__

    (3) Date of filing (if you know): __August 25, 2005__

    (4) Nature of the proceeding: __Motion for Postconviction Relief (3.850)__

    (5) Grounds raised: __Defense counsel rendered ineffective assistance by: (1) failing to ensure that Defendant understood the nature of the potential conflict of interest and that Defendant had a right to obtain a new and conflict free attorney, as__

raised in ground Six of motion; and (2) failing to file a notice of appeal after sentencing, as raised in ground Nine of the motion.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
  Yes ☐ No ☑

(7) Result: Summarily Denied

(8) Date of result (if you know): May 23, 2006

(c) If you filed any third petition, application, or motion, give the same information:
 (1) Name of court: Fifth Judicial Circuit, Marion County, Florida
 (2) Docket or case number (if you know): 00-3875-CF-A-X
 (3) Date of filing (if you know): September 1, 2005
 (4) Nature of the proceeding: Amended Motion for Postconviction Relief (3.850)
 (5) Grounds raised: Defense counsel rendered ineffective assistance by Failing to ensure that privileged letter did not end up in hands of prosecutor from Seventh Judicial Circuit where the case was reassigned by Governor's Office, as raised in ground one of Amended motion.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
  Yes ☐ No ☑

(7) Result: Summarily Denied

(8) Date of result (if you know): May 23, 2006

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?
 (1) First petition: Yes ☑ No ☐
 (2) Second petition: Yes ☑ No ☐
 (3) Third petition: Yes ☑ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

GROUND ONE: Counsel was ineffective for failing to ensure that Petitioner knew of his right to obtain new and conflict free counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During the hearing held on counsel's Motion for Determination of Conflict of Interest, the trial court failed to inform the Petitioner of his right to obtain other counsel and defense counsel failed to ensure that Petitioner knew of said right. Thus, because the Garcia Hearing was inadequate as a matter of law, Petitioner's waiver of conflict free counsel was not valid nor knowingly and intelligently made. See (Memorandum of Law in Support for additional facts.)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: This claim was raised as counsel's ineffectiveness and is properly the subject of a motion for postconviction relief.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Postconviction Relief (Rule 3.850)

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit Court, Marion County, Florida

Docket or case number (if you know): 00-3875-CF-A-X

Date of the court's decision: May 23, 2006

Result (attach a copy of the court's opinion or order, if available): __Summary Denial__
__See (Exhibit A)__

(3) Did you receive a hearing on your motion or petition?
   Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?
   Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: __Fifth District Court of Appeal, State of Florida__
Docket or case number (if you know): __5D06-2865__
Date of the court's decision: __January 30, 2007__
Result (attach a copy of the court's opinion or order, if available): __Per Curium Affirmed (The Mandate issued on February 16, 2007) See (Exhibit B)__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____
_____

GROUND TWO: __Counsel was ineffective for failing to file a notice of appeal following sentencing.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): __During the plea colloquy, Petitioner was informed that by way of his entering a guilty plea he was giving up his right to appeal. However, after sentencing Petitioner told his counsel that he wanted to appeal. Counsel informed Petitioner that he would file the notice of appeal as requested, however, counsel failed to do so. See (Memorandum of Law in Support for additional facts, argument and case law)__

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _Counsel failed to file a notice of appeal as requested, and Petitioner filed a post-conviction motion attacking counsel's failure to do so._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Motion for Postconviction Relief (Rule 3.850)_

Name and location of the court where the motion or petition was filed: _Fifth Judicial Circuit Court in and for Marion County, Florida_

Docket or case number (if you know): _00-3875-CF-A-X_

Date of the court's decision: _May 23, 2006_

Result (attach a copy of the court's opinion or order, if available): _Summary Denial See (Exhibit A)_

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Fifth District Court of Appeal, State of Florida_

Docket or case number (if you know): _5D06-2865_

Date of the court's decision: _January 30, 2007_

Result (attach a copy of the court's opinion or order, if available): _Per Curium Affirmed (The Mandate issued on February 16, 2007) See (Exhibit B)_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Petition for Writ of Habeas Corpus in the Fifth District Court of Appeal. See Perez v. State, 898 So. 2d 186 (Fla. App. 5 Dist. 2005). And Petition for Writ of Habeas Corpus in Florida Supreme Court. See SC05-1311

**GROUND THREE:** Counsel was ineffective for failing to ensure that privileged letter did not end up in hand of new prosecutor's office

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Prior to entering plea, defense counsel filed a motion to dismiss charges or in alternative disqualify the office of the State Attorney for the Fifth Judicial Circuit in that the State Attorney received and reviewed privileged mail from Defendant to his attorney. The trial court disqualified the State Attorney's office, ordered the letter be purged, and refered this cause to the Governor —

(b) If you did not exhaust your state remedies on Ground Three, explain why: for reassignment. The case was reassigned to the State Attorney's Office for the Seventh Judicial Circuit whom also received the privileged letter. See (Memorandum of law in support)

(c) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐ No ☑

   (2) If you did not raise this issue in your direct appeal, explain why: This claim was raised as counsel's ineffectiveness and is properly the subject of a motion for postconviction relief pursuant to Rule 3.850.

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      Yes ☑ No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: Motion for Postconviction Relief (Rule 3.850)

   Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit Court in and for Marion County, Florida

Docket or case number (if you know): __00- 3875 -CF-A-X__
Date of the court's decision: __May 23, 2006__
Result (attach a copy of the court's opinion or order, if available): __Summary Denial See (Exhibit A)__

(3) Did you receive a hearing on your motion or petition?
    Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?
    Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: __Fifth District Court of Appeal, State of Florida__
Docket or case number (if you know): __5D06 - 2865__
Date of the court's decision: __January 30, 2007__
Result (attach a copy of the court's opinion or order, if available): __Per Curium Affirmed (The Mandate issued on February 16, 2007) See (Exhibit B)__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

**GROUND FOUR:** __N/A__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏ No ❏

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ❏ No ❏

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ❏ No ❏

    (4) Did you appeal from the denial of your motion or petition?

        Yes ❏ No ❏

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏ No ❏

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ☑   No ☐

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☐   No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

   _____

   _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Michael W. Johnson, 2320 N.E. 2nd St. Ste. 3A, Ocala, FL. 34470-6992

   (b) At arraignment and plea: Michael W. Johnson   See (a)

   (c) At trial: N/A

   (d) At sentencing: Michael W. Johnson   See (a)

   (e) On appeal: N/A

   (f) In any post-conviction proceeding: Juan Marcos Perez, In Proper Person, pro se

   (g) On appeal from any ruling against you in a post-conviction proceeding: Juan Marcos Perez, In Proper Person, pro se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☑

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

   (b) Give the date the other sentence was imposed: _____

   (c) Give the length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

8. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner pled guilty and was sentenced for the instant crimes on May 21, 2004. The Judgment of Convictions and Sentences became final on June 23, 2004. Petitioner filed for a Belated Appeal on January 5, 2005, Rehearing was denied on April 15, 2005. Petitioner filed a successive Belated Appeal on April 22, 2005, which was dismissed as successive on May 18, 2005. Petitioner filed a motion to recall order on May 25, 2005, which was denied on June 15, 2005. Petitioner filed a Petition for Writ of Habeas Corpus in the Florida Supreme Court on July 22, 2005, which was denied on January 10, 2006. Petitioner filed a Motion for Postconviction Relief (3.850 motion) on August 25, 2005, which was summarily denied on May 23, 2006. Petitioner filed a timely Appeal which was Per Curium Affirmed on January 30, 2007, for which the Mandate issued on February 16, 2007. Thus this Petition for Writ of Habeas Corpus is timely filed pursuant to the AEDPA.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____
_____
_____
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___May 30, 2007___
_____ (month, date, year).

Executed (signed) on ___May 30, 2007___ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____
_____
_____

* * * * *