```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   OCALA DIVISION
```

JUAN MARCOS PEREZ,

     Petitioner,

v.                                    CASE NO.  5:07-cv-227-Oc-10GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

     Respondents.
_____/

## RESPONSE TO PETITION

COME NOW the Respondents, the Secretary of the Department of Corrections, et al., by and through their undersigned counsel, in response to this Court's February 25, 2008 order to show cause why the relief sought in the above-styled Petition for Writ of Habeas Corpus should not be granted and hereby move that it be dismissed as untimely filed or for a summary judgment in Respondents' favor and, in support of said motions, would state as follows:

I

## CUSTODY

Petitioner, Juan Marcos Perez, is currently subject to the lawful custody of the State of Florida pursuant to valid judgments of guilt for kidnapping and lewd or lascivious battery on a child under 16 and concurrent 25 and 15 year sentences of imprisonment imposed thereon in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.

II

HISTORY OF THE CASE/AEDPA

On November 17, 2000, an Information was filed in Marion County Circuit Court Case No. 00-3875CF, charging Petitioner with kidnapping and two counts of sexual battery on a child between the ages of 12 and 16. That Information was amended on July 3, 2002 and on August 14, 2003. (Appendices I, II, and III - Informations). On May 21, 2004, Petitioner entered negotiated pleas of guilty to Counts 1 and 4 of the Second Amended Information, kidnapping and lewd and lascivious assault on a child between the ages of 12 and 16. (See Appendix III). He was sentenced to concurrent prison terms of 25 and 15 years respectively for those offenses. (Appendices IV and V - Judgments and Sentences, Plea Hearing Transcript). His January 3, 2005 request for a belated appeal of those convictions and sentences was denied by the state appellate court in a decision filed in its Case No. 5D05-30 on March 11, 2005, Perez v. State, 898 So.2d 186 (Fla. 5th DCA 2005), suggesting that Petitioner's remedy was by Rule 3.850 motion alleging ineffective assistance of counsel in failing to file an appeal despite his specific request that counsel do so. (Appendices VI through X - Petition for Belated Appeal, State's Response, 5th DCA Opinion, Motion for Rehearing and 5th DCA Order). Petitioner's second request for a belated appeal dated April 26, 2005 was dismissed as successive by order filed on May 18, 2005 in

Fifth District Court of Appeal of the State of Florida Case No. 5D05-1328.  (Appendices XI through XIII - Petition for Belated Appeal, State's Response, 5th DCA Order).  On July 22, 2005, Petitioner signed a Petition for Writ of Habeas Corpus in the Florida Supreme Court again seeking a belated appeal. That Court also concluded that Petitioner had not established any clear legal right to a belated appeal in its Case No. SC05-1311, Perez v. State, 921 So.2d 629 (Fla. 2006), filed January 10, 2006. (Appendices XIV through XVI - Petition for Writ of Habeas Corpus, State's Response and FSC Order).

On August 1, 2005, Petitioner filed his first Rule 3.850 Motion for PostConviction Relief asserting that his arrest was illegal.  By order dated September 9, 2005, that motion was summarily denied because that issue is not cognizable under Rule 3.850.  (Appendices XVII and XVIII - Motion for PostConviction Relief and Order Denying August 1, 2005 Motion for PostConviction Relief).  On August 25, 2005, Petitioner signed a second Rule 3.850 Motion for PostConviction Relief in the trial court alleging that his trial counsel had been ineffective in failing to move to dismiss the charges against him because of an allegedly illegal arrest and in failing to move to suppress his confession and DNA blood evidence. On September 1, 2005, Petitioner filed an Amended Motion for PostConviction Relief alleging that his trial counsel had been ineffective in allowing the prosecution to obtain a copy

of a privileged letter and also in failing to timely move to dismiss the charges against him.  By order filed on May 30, 2006, the trial court judge summarily denied relief on the grounds raised in both motions, noting that Petitioner had entered negotiated guilty pleas to two of the charges against him, had not moved to withdraw those pleas and had failed to demonstrate that his pleas had not been  knowingly and voluntarily entered, citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).  The state appellate court affirmed that order in a decision filed on January 30, 2007 in <u>Perez v. State</u> So.2d (Fla. 5th DCA 2007).  Mandate issued on February 16, 2007.  (Appendices XIX through XXIX - Motion for PostConviction Relief, Amended Motion for PostConviction Relief, Order Denying Motions for PostConviction Relief, Appellant's Initial Brief, State's Response, Reply to State's Response, 5th DCA Decision, Motion for Rehearing, Motion to Recall Mandate, 5th DCA Order and 5th DCA Order).

The effective date of the AEDPA was April 24, 1996.  That act provided a one year time limit for the filing of federal habeas corpus petitions by state prisoners.  28 U.S.C. Section 2244(d) (Supp. 1996).  Since Petitioner did not timely appeal his judgments and sentences, they became final thirty days after his May 21, 2004 sentencing.  The one year time period for filing the federal habeas corpus petition was tolled during the pendency of his state court collateral proceedings.  However, he had nothing pending in the

4

state courts between June 20, 2004 and January 2, 2005, from March 12, 2005 to April 25, 2005, from May 19, 2005 to July 21, 2005 and from March 29, 2007 to May 29, 2007.  If his April 26, 2005 second Petition for a Belated Appeal, dismissed as successive by the state appellate court on May 18, 2005, is deemed not to be "properly filed", then he also had nothing pending in the state courts between March 12, 2005 and July 21, 2005.

His Petition for Writ of Habeas Corpus filed in the above-styled case is dated May 30, 2007.  If his successive state court Petition for Belated Appeal tolled the one year time limit, his Petition for Writ of Habeas Corpus would be timely filed on the 363rd day.  If it is not considered to be "properly filed", then the Petition is clearly untimely over four months too late. (See Appendix VIII).  Respondents would assert that if such successive motions and petitions are deemed "properly filed", a petitioner could delay the running of the one year time limit under the AEDPA indefinitely simply by filing them repeatedly.  That would seem contrary to the purpose of the one year time limit.  However, this Court has not yet definitively ruled on this specific issue. See Ousley v. Secretary, Department of Corrections, 11th Circuit Court Case No. 06-15642, Decided March 13, 2008, 2008 U.S. App. LEXIS 5666; Alexander v. Secretary, Department of Corrections, 21 Fla. L. Weekly Fed. C441 (11th Cir. Opinion filed March 3, 2008).

Neither the United States District Court Judge nor the United States Magistrate Judge assigned to this case were involved in any of Petitioner's state court proceedings.

III

<u>EXHAUSTION OF STATE COURT REMEDIES</u>

Petitioner has raised three grounds for federal habeas corpus relief in his Petition worded by him as follows:

>Ground One: Counsel was ineffective for failing to ensure that Petitioner knew of his right to obtain new and conflict free counsel.
>
>Ground Two: Counsel was ineffective for failing to file a notice of appeal following sentencing.
>
>Ground Three: Counsel was ineffective for failing to ensure that privileged letter did not end up in hand of prosecutor's office.

Petitioner raised these three grounds for relief in his Rule 3.850 proceedings in the state trial court and in his appeal from the denial thereof. (See Appendices XIX through XXIX).  He has no further available state court remedies with respect thereto.

IV

<u>ANSWER</u>

Respondents deny each and every allegation contained in the Petition for Writ of Habeas Corpus.

V

MERITS

Section 2254(d) requires this Court to make two types of judgments in the process of adjudicating such legal issues. First, the Court must decide whether there is a qualifying state court decision. However, even if there is, the application should not be granted with respect to that claim unless the state court decision was either contrary to or involved an objectively unreasonable application of a clearly established United States Supreme Court decision or the state court decision was based on an unreasonable determination of the facts. The state trial and appellate courts have ruled on the merits of Petitioner's three grounds for relief. There would therefore appear to be qualifying state court decisions.

The next judgment concerns whether those state court decisions were either contrary to or involved an objectively unreasonable application of a clearly established United States Supreme Court decision or the state court decision was based on an unreasonable determination of the facts. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1519-1521, 146 L.Ed.2d 389 (2000); see Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). Factual findings made by the state courts where supported by the record should be given deference on federal habeas corpus review. See Medberry v. Crosby,

351 F.3d 1049, 1058 (11th Cir. 2003); <u>Brownlee v. Haley</u>, 306 F.3d 1043 (11th Cir. 2002).

Petitioner entered negotiated pleas of guilty to Counts 1 and 4 of the Second Amended Information, kidnapping and lewd and lascivious assault on a child between the ages of 12 and 16. (See Appendix III). At the plea conference, Petitioner's counsel stated on the record that Petitioner was waiving his right to trial and to direct appeal. Petitioner confirmed that he understood everything his attorney had told the court. The judge again explained to him that he was giving up his right to trial and appeal and Petitioner again stated that he understood the rights he was giving up by entering these pleas. The judge advised Petitioner that the maximum penalty for the kidnapping count alone was life imprisonment. Petitioner stated that he was entering his pleas freely and voluntarily and that he had not been promised anything or threatened into entering those guilty pleas. The judge found Petitioner to be alert, competent and intelligent and accepted his guilty pleas. (See Appendix V, Pp. 2-10).

A habeas corpus petitioner faces a heavy burden in challenging the voluntary nature of his guilty pleas. In <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977), the Supreme Court said:

> ...the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the

> judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.

In Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991), cert. denied 502 U.S. 835, 112 S.Ct. 116, 116 L.Ed.2d 85 (1991), the Court said:

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of his guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea...will be upheld on federal review.

In summarily denying relief on the three ineffectiveness of trial counsel claims raised here, the trial court judge correctly cited Strickland v. Washington, 466 U.S. 668, 686-690, 104 S.Ct. 2052, 2064-2066, 80 L.Ed.2d 674 (1984), and Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Initially, the judge found that Petitioner had failed to demonstrate that his pleas had not been knowingly and voluntarily entered. Specifically, as to his assertion that his attorney, Michael Johnson, failed to ensure that he understood the potential conflict arising from Michael Johnson's representation of the victim's brother, the judge attached a portion of the hearing transcript during which this potential conflict was discussed and at the conclusion of which Petitioner clearly stated that he wanted

Michael Johnson to continue to represent him. (See Appendix XXI, Ground Six, Pp. 6-7). As for counsel's failure to file a notice of appeal, as discussed previously, Petitioner specifically waived his right to appeal when he entered his guilty pleas. (See Appendix V, Pp. 2-10, Appendix XXI, Ground Nine P. 9).

Petitioner's third and final ground for relief is that his counsel was somehow ineffective relative to the disclosure of a confidential letter he had written to him back in February, 2003. Petitioner does concede that, after the disclosure of his letter, defense counsel moved for the dismissal of the charges against him or for the disqualification of the State Attorney. Pursuant to that motion, his case was reassigned to a different State Attorney and the trial court judge ordered his letter sealed, purged from the record and returned to him. Despite those conceded facts, Petitioner still contends that his attorney was ineffective in allowing him to enter his guilty pleas because they were "unknowingly and involuntarily entered based on his belief that the privileged letter would ultimately end up in the hands of the State Attorney's Office for the Seventh Judicial Circuit". (See Petitioner's Memorandum of Law in Support of his Petition, Pp. 19-21). In denying relief on ground seven of Petitioner's Rule 3.850 motion, the trial court judge said that he had granted defense counsel's motion to disqualify the State Attorney based upon this disclosure of Petitioner's letter and that Petitioner had failed to

explain how his attorney's performance was deficient in that regard. (Appendices XIX and XXI, pp. 6-7).  In denying relief on this same ground framed in terms of "newly discovered evidence" in Petitioner's February 23, 2006 Amended Motion for PostConviction Relief, the trial court judge simply found that this issue was not "newly discovered". (Appendices XX and XXI, P. 10).  In any event, Petitioner pled guilty.  He has not explained what else his trial counsel could or should have done relative to the disclosure of his letter. At the plea conference, the trial court judge repeatedly asked him if he was entering his guilty pleas freely and voluntarily and he repeatedly said that he was.  He never mentioned any concerns about his earlier letter and is not claiming actual innocence.  He has not established ineffectiveness of trial counsel under the <u>Strickland</u> test and he has not established that his pleas were not knowingly and voluntarily entered.  He has cited no United States Supreme Court decisions with which the state courts' decisions conflict and the facts as determined by the state trial court judge are reasonable and appear to be supported by the record.

VI

<u>CONCLUSION</u>

WHEREFORE, since Petitioner's Petition for Writ of Habeas Corpus was untimely filed and is also without merit,  Respondents would request that this Court dismiss it as untimely filed or enter

a summary judgment in favor of Respondents and dismiss it with prejudice.

                                          Respectfully submitted,

                                          BILL McCOLLUM
                                          ATTORNEY GENERAL

                                          s/ Anthony J. Golden
                                          ANTHONY J. GOLDEN
                                          ASSISTANT ATTORNEY GENERAL
                                          Fla. Bar # 162172
                                          444 Seabreeze Blvd.
                                          5th Floor
                                          Daytona Beach, FL    32118
                                          (386) 238-4990
                                          Fax No. (386) 238-4997
                                          anthony.golden@myfloridalegal.com

                                          COUNSEL FOR RESPONDENTS

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on April 1, 2008, I electronically filed the foregoing Response to Petition and Index to Appendix with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed a copy of the foregoing document and notice of electronic filing by first class mail to Juan Marcos Perez, DC # 126229, Dorm C3-112L, Hardee Correctional Institution, 6901 State Road 62, Bowling Green, Florida 33834-8976, this 1st day of April, 2008.

                                          s/ Anthony J. Golden
                                          Anthony J. Golden
                                          Assistant Attorney General

INDEX TO APPENDIX

```
ITEM                                                          APPENDIX

    INFORMATIONS  . . . . . . . . . . . . . . . . . . . . I, II and III

    JUDGMENTS AND SENTENCES . . . . . . . . . . . . . . . . . . . . IV

    TRANSCRIPT OF PLEA AND SENTENCING HEARING   . . . . . . . . . . . V

    PETITION FOR BELATED APPEAL   . . . . . . . . . . . . . . . . . VI

    STATE'S RESPONSE  . . . . . . . . . . . . . . . . . . . . . . VII

    5TH DCA OPINION . . . . . . . . . . . . . . . . . . . . . . . VIII

    MOTION FOR REHEARING    . . . . . . . . . . . . . . . . . . . . IX

    5TH DCA ORDER   . . . . . . . . . . . . . . . . . . . . . . . . X

    PETITION FOR BELATED APPEAL   . . . . . . . . . . . . . . . . . XI

    STATE'S RESPONSE  . . . . . . . . . . . . . . . . . . . . . . XII

    5TH DCA ORDER . . . . . . . . . . . . . . . . . . . . . . . XIII

    PETITION FOR WRIT OF HABEAS CORPUS    . . . . . . . . . . . . XIV

    STATE'S RESPONSE  . . . . . . . . . . . . . . . . . . . . . . XV

    FSC ORDER   . . . . . . . . . . . . . . . . . . . . . . . . . XVI

    MOTION FOR POSTCONVICTION RELIEF  . . . . . . . . . . . . . XVII

    ORDER DENYING AUGUST 1, 2005 MOTION
    FOR POSTCONVICTION RELIEF   . . . . . . . . . . . . . . . . XVIII

    MOTION FOR POSTCONVICTION RELIEF  . . . . . . . . . . . . . . XIX

    AMENDED MOTION FOR POSTCONVICTION RELIEF  . . . . . . . . . . . XX

    ORDER DENYING MOTIONS FOR POSTCONVICTION RELIEF   . . . . . . XXI

    APPELLANT'S INITIAL BRIEF   . . . . . . . . . . . . . . . . . XXII

    STATE'S RESPONSE  . . . . . . . . . . . . . . . . . . . . . XXIII

    REPLY TO STATE'S RESPONSE . . . . . . . . . . . . . . . . . XXIV
```

```
5TH DCA DECISION         . . . . . . . . . . . . . . . . . . . . XXV
MOTION FOR REHEARING     . . . . . . . . . . . . . . . . . . . XXVI
MOTION TO RECALL MANDATE . . . . . . . . . . . . . . . . . . . XXVII
5TH DCA ORDERS           . . . . . . . . . . . . . . . . XXVIII AND XXIX
```