PROVIDED TO HARDEE
CORRECTIONAL INSTITUTION
ON 5-0300 FOR MAILING
INMATE LEGAL MAIL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUAN MARCOS PEREZ,
Petitioner,

v.          Case No.: 5:07-cv-227-Oc-10GRJ

Secretary, Department of
Correction, et. al.,
Respondent.
_____/

## PETITIONER'S SUPPLEMENTAL REPLY TO RESPONDENT'S SUPPLEMENTAL RESPONSE

COMES NOW, Petitioner Juan Marcos Perez, in proper person, pursuant to this Court's March 26, 2010, Order, and hereby submits this Supplemental Reply to Respondent's Supplemental Response, as follows:

1. Petitioner filed his initial habeas corpus petition and memorandum of law pursuant to 28 U.S.C. §2254 raising three grounds of ineffective assistance of counsel.

2. After the Respondent's initial response, and Petitioner's reply thereto (filed on April 17, 2008), this Court determined that Respondent failed to address whether an evidentiary hearing was held, or should have been held, in the State Court and issued a Supplemental Order to Show Cause directing the Respondent to "supplement their response regarding the issue of whether an evidentiary hearing was conducted, and to address whether the Court is required to conduct an evidentiary hearing regarding the **claims** in the petition that is before the Court" (underscore emphasis provided by court; bold emphasis added by petitioner). (See, Order March 25, 2010).

3. On April 14, 2010, the Respondent filed its Supplemental Response. Respondent, however, failed to comply with this Court's Order by not addressing whether any evidentiary hearings were, or should be, held in regard to Petitioner's Claims One and Three. Thus, Petitioner does not Reply in regard to those claims.

4. In Response to Claim Two (i.e., that trial counsel was ineffective for failing to file an appeal), Respondent advises this Court that no evidentiary hearing was held on Claim Two and further avers that an evidentiary hearing is not necessary because Petitioner's claim is refuted by the State Court record where, during the plea colloquy, the Petitioner waived his right to direct appeal. Respondent also argues that Petitioner is not entitled to relief on Claim Two because he fails to address what issues he wanted to raise in the direct appeal or demonstrate that the issues would have merit.

5. Petitioner agrees with Respondent that an evidentiary hearing is unnecessary on Claim Two. Florida law requires a defendant who has entered a plea to demonstrate only that he timely instructed counsel to file an appeal and that counsel failed to do so. In Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998), an en banc Florida First District Court of Appeal, reasoned that under the decision in Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), and Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996), defendants seeking a belated appeal are required to allege only that they made a timely request of counsel to file an appeal and that counsel failed to comply with the request. See, id. at 337. The Court acknowledged that defendants have only a limited right to appeal from a guilty plea under Amendments and Robinson v. State, 373 So.2d 898 (Fla.1979). See, Trowell, 706 So.2d at 336-37. However, the Court rejected a requirement that a defendant unassisted by counsel must first file "sufficiently stated errors before his appeal may proceed," which would be "entirely

irrelevant to his appellate rights if his lawyer had simply honored his client's request and filed the notice." Id. at 338 (relying on Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). Nonetheless, the district court stated that both timely and belated appeals from guilty pleas would be subject to dismissal if the record does not reveal a reviewable error. See, Trowell, 706 So.2d at 337.

In State v. Trowell, 739 So.2d 77 (Fla. 1999), the Florida Supreme Court approved the District Court's en banc decision noting that the decision is consistent with federal court opinions holding that, although a defendant pleaded guilty, the failure of counsel to file a notice of appeal upon request constituted ineffective assistance as a matter of law. See, e.g., Castellanos v. United States, 26 F.3d 717, 719 (7th Cir.1994); United States v. Peak, 992 F.2d 39, 40-42 (4th Cir.1993); Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir.1990); Estes v. United States, 883 F.2d 645, 648-49 (8th Cir.1989). These courts reasoned that if a defendant is provided an appeal as of right, counsel's failure to file a notice of appeal as requested deprives the defendant of a constitutional right to effective assistance of appellate counsel. See, e.g., Castellanos, 26 F.3d at 719-20; Peak, 992 F.2d at 40-42; Abels, 913 F.2d at 823; Estes, 883 F.2d at 648-49. Further, the Strickland "prejudice" prong does not apply to situations where a defendant has been deprived of the right to appellate counsel altogether. See, e.g., Castellanos, 26 F.3d at 719-20; Peak, 992 F.2d at 41-42; Abels, 913 F.2d at 823; Estes, 883 F.2d at 648-49; see also Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As a result, the federal courts rejected a contrary rule requiring defendants to make allegations that they suffered prejudice from the failure of counsel to file a notice of appeal because the appeal would have

presented meritorious issues. See, e.g., Castellanos, 26 F.3d at 719-20; Peak, 992 F.2d at 41-42; Abels, 913 F.2d at 823; Estes, 883 F.2d at 648-49.

6. In the present case, Petitioner may well have waived his right to appeal the judgment of conviction and sentencing at the change of plea hearing; however, it is clear that Petitioner's waiver did not apply to appealing any pre-plea rulings. Petitioner provided this Court with exhibits demonstrating that trial counsel advised him that he could enter a plea and then appeal the rulings on his pre-plea motions. (See, Memorandum of Law, Exhibit C). Petitioner also provided this Court with a copy of a letter he wrote to counsel within the time provided for filing a notice of appeal indicating his desire to appeal. (See, Memorandum of Law, Exhibit D). Importantly, Respondent has not contested the fact that Petitioner timely requested counsel to file an appeal.

7. Consequently, an evidentiary hearing is not necessary and this Court should remand this case to the State Court for purpose of granting a belated appeal.

Respectfully submitted,

/s/ _____
JUAN MARCOS PEREZ
Petitioner, pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been turned over to prison authorities for mailing to Anthony J. Golden, Assistant Attorney General, 444 Seabreeze Blvd., 5th Floor, Daytona Beach, FL, 32118, this 3rd day of May, 2010.

/s/ [signature]
JUAN MARCOS PEREZ
Petitioner, pro se

Hardee Correctional Institution
6901 State Road 62
Bowling Green, FL 33834