UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUAN MARCOS PEREZ,

       Petitioner,

-vs-                                                  Case No.  5:07-cv-227-Oc-10KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, *et al.*,

       Respondents.
_____

## **REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

      Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting three claims for ineffective assistance of counsel. (Doc. 1). This matter is before the Court on the Order of Reference (Doc. 13), which referred the case to the undersigned to conduct such evidentiary proceedings as she deemed necessary to the preparation of a Report and Recommendation concerning the factual issue of whether the Petitioner instructed his counsel to file a notice of appeal, and any other matter or issue the undersigned found to be worthy of note in the ultimate disposition of this case. Id.

      On March 15, 2011, an evidentiary hearing was held before the undersigned. Upon due consideration of the Petition, Response to the Petition, Reply to the Response, the

record, and the evidence adduced at the evidentiary hearing, the undersigned respectfully recommends that the Petition (Doc. 1) be **DENIED**.

## **Background and Procedural History**

This case stems from Petitioner's 2004 conviction for kidnaping and lewd and lascivious assault on a child between the ages of 12 and 16. On May 21, 2004, Petitioner entered a guilty plea on the charges and was sentenced to concurrent prison terms of 25 and 15 years for the offenses. On January 3, 2005, Petitioner filed a petition for a belated appeal asserting that his trial counsel failed to appeal the disposition of two pre-trial motions even though Petitioner requested that he do so. Perez v. State, 898 So.2d 186, 187 (Fla. 5th DCA 2005). The Fifth District Court of Appeal (Fifth DCA) denied the petition without prejudice with the right of Petitioner to file a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Id. at 187.

On April 26, 2005, Petitioner filed a second petition for belated appeal, which the Fifth DCA denied as successive. On July 22, 2005, Petitioner executed his state petition for writ of habeas corpus seeking a belated appeal. The Supreme Court of Florida found that Petitioner failed to show a clear legal right to the reinstatement of his belated appeal, and denied relief. (Doc. 7, XVI).

On August 1, 2005, Petitioner filed a motion for post-conviction relief, claiming that his arrest was illegal. The state court denied the motion because the claim was not cognizable under Rule. 3.850. On August 25, 2005, Petitioner executed his second Rule

3.850 motion for post-conviction relief alleging, in relevant part, that his trial counsel provided ineffective assistance when he moved to dismiss and included, as an alternative, a request to disqualify the prosecution.  Petitioner subsequently filed an amended motion for post-conviction relief, alleging, in relevant part, that his trial counsel was ineffective because he allowed the prosecution to obtain a copy of a privileged letter even though the trial court ordered the letter to be sealed. The state court denied the motions, and the Fifth DCA affirmed the decision.  On March 15, 2007, the Fifth DCA denied Petitioner's motion for rehearing and motion for certification.

On May 30, 2007, Petitioner executed his federal Petition for writ of habeas corpus (Doc. 1) and Memorandum in Support of the Petition (Doc. 2), which asserts that his trial counsel was ineffective for: (1) failing to ensure that Petitioner knew of his right to obtain new and conflict free counsel; (2)  failing to file a notice of appeal following sentencing; and (3) failing to ensure that a "privileged letter did not end up in hand [sic] of [the] new prosecutor's office."  (Doc. 1).

On April 1, 2008, Respondents filed a Response to the Petition.  (Doc. 5).  In light of <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035 (2000), and its progeny and Petitioner's claim that his counsel failed to file a notice of appeal as instructed, the Court directed Respondents to supplement the Response to address the issue of the necessity of an evidentiary hearing.  (Doc. 9).  Respondents complied with the order, and upon review of the record, the Court found that the trial court denied Petitioner's ineffective assistance of counsel claim regarding the failure to file a notice of appeal without

conducting an evidentiary hearing and without making any factual findings with respect to Petitioner's communications with his attorney. (Doc. 13).

Accordingly, as stated in this order, the District Judge referred this case to the undersigned to conduct evidentiary proceedings and prepare a report and recommendation. On March 15, 2011, the undersigned held an evidentiary hearing to resolve the factual issues surrounding Petitioner's ineffective assistance of counsel claims.

## Timeliness of Petition

While Respondents are not certain as to whether the Petition was timely filed under Eleventh Circuit law (Doc. 5), the undersigned will address the merits of the Petition in an abundance of caution because Petitioner alleges that he directed his attorney to file a timely notice of appeal, which was not filed.

## Standard of Review

Pursuant to the AEDPA, the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[1] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

---

[1] See Williams v. Taylor, 529 U.S. 362, 403-04, 120 S.Ct. 1495, 1518-19 (2000).

presented in the state proceeding."[2]  The "contrary to" and "unreasonable application" clauses provide separate bases for review.[3]

## Discussion

Petitioner's three grounds for relief are based on the contention that his trial counsel, Michael Johnson, provided ineffective assistance. In order to state a successful ineffective assistance of counsel claim, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance prejudiced the defense.[4]  Both prongs must be shown in order to succeed on an ineffective-assistance claim.

When reviewing an ineffective assistance of counsel claim, the court's role "is not to grade counsel's performance;" instead, the court's role is to conduct an objective inquiry and determine "whether counsel's performance [was] reasonable under prevailing professional norms." Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (internal quotations and citation omitted).  Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 1314. "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. "To

---

[2] See 28 U.S.C. § 2254(d)(1)- (2).

[3] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[4] Strickland v. Washington, 466 U.S. 668, 688 (1984).

overcome the strong presumption in favor of competence, the petitioner bears the burden of establishing "that no competent counsel would have taken the action that his counsel did take." Id. at 1314-15.

**Ground One**

In Ground One, Petitioner contends that Mr. Johnson was ineffective "for failing to ensure that Petitioner knew of his right to obtain new and conflict free counsel." (Doc. 1). Petitioner raised this claim with the state court in his 3.850 motion. Specifically, Petitioner contended that a conflict of interest existed because Mr. Johnson represented the brother and legal guardian of the victim in Petitioner's criminal case in an unrelated matter. According to the state record, Mr. Johnson filed a motion for determination of conflict of interest and consent for parties upon learning that he had represented the victim's brother in an unrelated civil matter. On February 5, 2004, the trial court conducted a hearing on the motion for determination. (See Doc. 7, Ex. XXI; Doc. 36, Ex. B, pg. 3 to Respondent's Ex. 1).

According to Petitioner's 3.850 motion, Petitioner claims that Mr. Johnson was deficient in his performance because he failed to ensure that the court properly advised Petitioner of the "exact meaning and mechanics of this particular conflict of interest and that a knowing, intelligent, voluntary and valid waiver was obtained from [Petitioner] concerning the multiple adverse consequences which could develop if [Petitioner] elected to continue

with counsel Johnson as his representative." (Doc. 7, Ex. XIX, pg. 58). Petitioner claimed that he was prejudiced because he did not realize that the conflict "could very well have a serious affect on counsel's ability to adequately represent his best interest and protect his constitutional rights and develop into adverse consequences of fundamentally unfair representation." Id., pg. 59.

The court found that this claim was without merit. (Doc. 7, Ex. XXI). According to the order denying the 3.850 motion, the trial court examined the transcript of the February 5, 2004 hearing, and determined that Petitioner's claim was refuted by the record. (Doc. 7, Ex. XXI). The order states that the court ensured that during the February 4, 2004 hearing that Petitioner had reviewed the motion and understood the issues regarding any potential conflict of interest. Id. Further, the court found that Petitioner requested at the hearing that Mr. Johnson continue to represent him after he responded that he understood the motion and the issues. Based on the foregoing, the trial court denied the claim. (Doc. 7, Ex. XXI). The state court's ruling resulted in a decision that was not based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding,"[5] and was not contrary to clearly established federal law.

---

[5] See 28 U.S.C. § 2254(d)(1)- (2).

The conflict of interest claim was raised and addressed at the March 11, 2011 hearing before the undersigned, and it is clear that counsel was not ineffective under Strickland. Mr. Johnson testified that he had advised Petitioner regarding the potential conflict. (Doc. 36, pgs. 25-27). Mr. Johnson stated at the hearing that the fact that he had represented the brother had no influence on him, was completely inconsequential to his representation of Petitioner, and Petitioner agreed to continue the representation after he was made aware of the issue. Id.

There is nothing in the record to demonstrate that Mr. Johnson's performance fell below an objective standard of reasonableness or that his alleged deficient performance prejudiced Petitioner. As such, Petitioner has failed to establish both that Mr. Johnson had an actual conflict of interest and that the conflict adversely affected his representation of the Petitioner. See Stevenson v. Newsome, 774 F.2d 1558, 1562 (11th Cir. 1985)("In order to warrant habeas corpus relief, the petitioner has to show not only an actual conflict of interest but also that the conflict adversely affected his lawyer's representation.").

**Ground Two**

In Ground Two, Petitioner claims that his trial counsel, Mr. Johnson, was ineffective for failing to file a notice of appeal following sentencing. The state court denied the claim for three reasons: the claim was procedurally barred;[6] Petitioner failed to provide proof that

---

[6] Although Respondents initially argued in the Supplement to the Response that the claim is also due to be dismissed because of a procedural default (Doc. 10), Respondents withdrew this argument at the March 15, 2011 hearing. (Doc. 36, pg. 3).

there was a reasonable probability that, but for counsel's errors, Petitioner would have not pleaded guilty and would have insisted on going to trial; and Petitioner waived the claim because the plea colloquy clearly states that Petitioner waived his right to appeal. (Doc. 7, Ex. XXI). The trial court did not conduct an evidentiary hearing on this issue.

As stated in this order, the District Judge referred the case to the undersigned for evidentiary proceedings regarding the failure to file a notice of appeal claim. "In Flores-Ortega, the Supreme Court recognized two distinct factual scenarios where an attorney's failure to file a notice of appeal for a client may give rise to a claim for ineffective assistance of counsel under Strickland . . . ." Scott v. McDonough, 281 F. App'x 954 (11th Cir. 2007)(unpublished opinion cited as persuasive authority). "First, a lawyer *who disregards specific instructions* from the defendant to file a notice of appeal is *per se* deficient." Id. at 956-57 (citing Flores-Ortega, 528 U.S. at 477). "Second, an attorney who *fails to consult* with the defendant about an appeal may be deficient for not filing a notice of appeal in certain circumstances." Id. at 957 (citing Flores-Ortega, 528 U.S. at 479-80).

Petitioner relies on the first scenario recognized by Flores-Ortega in that he claims that Mr. Johnson disregarded his express instructions to file an appeal on his behalf. (Doc. 1). At the evidentiary hearing, Petitioner testified that he told Mr. Johnson just prior to the May 21, 2004 change of plea hearing that he wanted to appeal the denial of a pretrial motion to dismiss and motion to suppress. (Doc. 36, pgs. 31-33). Petitioner also testified that during the change of plea hearing, he conferred with Mr. Johnson in order to get reassurance that the denial of the pretrial motions would be appealed regardless of the

outcome of the change of plea hearing. Id. Petitioner contends that although he waived his right to appeal during the plea colloquy, he thought he was merely waiving his right to appeal his guilt, but retained his right to appeal the denial of the pre-trial motions. Id. Petitioner asserted at the evidentiary hearing that Mr. Johnson advised him that he would appeal the denial of the motions. Id. at pgs. 32-33.

In support of his assertion that he expressly advised Mr. Johnson to file an appeal regardless of the waiver, Petitioner submitted three letters from 2003 into evidence. The first letter dated September 23, 2003 is sent from Mr. Johnson to Petitioner and addresses the issue of Petitioner's pre-trial motion to dismiss. The letter states:

> As I told you earlier in person, while the conduct of the State Attorney's office warranted disqualification, that would remedy any harm and dismissal would not be proper. In any event the issue is preserved.

(Doc. 36, Petitioner's Exhibit 1).

Petitioner also submitted a letter dated October 8, 2003 from Petitioner to Mr. Johnson regarding the motion to dismiss, which provides the following:

> Also, I have not received a response to my question regarding an appeal of the judge's decision not to dismiss. If there is a chance to appeal, then I don't want to lose it because we did not do it in time....

(Doc. 36, Petitioner's Ex. 2).

Petitioner submitted another letter dated October 14, 2003 from Mr. Johnson to Petitioner, which states:

> With regard to an appeal of the denial of your motion to dismiss, your right to appeal is preserved.

(Doc. 36, Petitioner's Ex. 3).

Finally, Petitioner submitted a letter dated June 2, 2004 that he allegedly wrote to Mr. Johnson a few weeks after the change of plea hearing, which states:

> Mr. Johnson, this is just to remind you of what we had spoken about and agreed on previously. You advised me in your letter dated January 10, 2004, that it would make more sense to accept the plea offer, then we would appeal. Therefore, I'm confident that you have already filed the notice of appeal. If not, then please do so will [sic] there is still time. Could you please let me know how long the appeals process will take?

(Doc. 36, Petitioner's Exhibit 5).[7]

While Mr. Johnson does not deny that the letters dated 2003 where sent or received during the course of the criminal case, he disputes that Petitioner requested that he file a notice of appeal at the change of plea hearing after being advised that he would waive his right to appeal if he pleaded guilty. (Doc. 36, pgs. 21-24). He also states that he has no recollection of receiving the June 2, 2004 letter. Instead, Mr. Johnson testified that he and the judge both told Petitioner during the plea colloquy that he had waived his right to appeal, and there is no doubt in his mind that Petitioner understood that he was waiving

---

[7] The January 20, 2004 letter from Mr. Johnson to Petitioner is contained in the Appendix filed by the state. (Doc. 7, Ex. A to Ex. XIX). In the letter, Mr. Johnson wrote: "[I]f we do not win the Motion to Suppress, would you seriously consider taking the case to trial in hopes that the appellate court will reverse the trial court. It would make more sense to obtain agreement from the prosecutor that the motion is dispositive of the case - as it is and accept a plea offer, then appeal." Id. Mr. Johnson testified during the evidentiary hearing that he attempted to negotiate such a conditional plea, but that the prosecutor would not agree to a conditional plea. (Doc. 36, pgs. 18-19). Mr. Johnson further testified that he discussed this at length with Petitioner, although Petitioner denies having had such a discussion. (Id., pgs. 19, 31).

this right.[8] (Doc. 36, pgs. 19, 23). Regardless of the waiver, Mr. Johnson unequivocally testified that he would have filed an appeal on Petitioner's behalf if Petitioner advised him that he still wanted to appeal. Id., pgs. 22, 24.

Further, in support of Mr. Johnson's assertion that he did not receive the June 2, 2004 letter requesting the appeal, Respondents rely on the fact that Petitioner did not cite to or refer to the letter with respect to the ineffective assistance claim in his petition for belated appeal, second petition for belated appeal, or petition for writ of habeas corpus to the Florida Supreme Court. (Doc. 36, pgs. 43-44). Petitioner admittedly did not submit the letter to the state court until he filed a reply to the response to the motion for post-conviction relief in April 2006. (Doc. 36, pgs. 46-48; Respondents' Ex. 1).

Moreover, during the March 11, 2011 hearing, Respondents presented evidence which they argue demonstrates that Petitioner's allegations in the state court filings on this claim are contradictory on this issue. Specifically, Petitioner stated in his belated appeal that, "[u]pon sentence, [Petitioner] asked trial counsel Michael W. Johnson to file an appeal on the denial of his pretrial motions. At this time counsel informed [Petitioner] that he waived his right to appeal when he entered his guilty plea." (Doc. 7, Ex. VI). However, Petitioner's second petition for belated appeal states, "After imposition of sentence, appellant told his retained counsel, Michael W. Johnson, that he wanted to appeal.

---

[8]Petitioner does not appear to dispute that Mr. Johnson and the judge advised him that he was waiving his right to appeal. However, he testified that he understood the waiver to only pertain to his guilt, and not the pre-trial motions. (Doc. 36, pgs. 35-37)

Counsel assured appellant that he would file the required notice of appeal yet failed to do so." (Doc. 7, Ex. XI). In response to counsel's inquiry on cross-examination as to why the two documents are contradictory, Petitioner responded, "I couldn't tell you." (Doc. 36, pgs. 41-42).[9]

Upon due consideration, the undersigned credits Mr. Johnson's version of the events over that of Petitioner, and finds that Petitioner did not instruct Mr. Johnson to file a notice of appeal. While Petitioner expressed his desire to appeal in the earlier stages of the case, the evidence shows that the state subsequently offered a negotiated plea, and counsel explained to Petitioner that acceptance of the plea offer would waive the right to appeal. The undersigned also credits Mr. Johnson's testimony that he did not receive the June 2, 2004 letter, and that Petitioner did not direct him to file an appeal immediately before, during or at any time following entry of his guilty plea. Accordingly, Petitioner's claim that Mr. Johnson was ineffective for failing to file a notice of appeal after Petitioner directed him to do so is due to be denied.

**Ground Three**

In Ground Three, Petitioner claims that his trial counsel, Mr. Johnson, was ineffective for failing to ensure that a "privileged letter did not end up in the hands of the new prosecutor's office." (Doc. 1). In February 2003, Petitioner wrote a letter to Mr. Johnson

---

[9]Although Petitioner states that he did not write the belated appeals, he confirmed that he reviewed the contents of the documents before he signed them. (Doc. 36, pgs. 39-41).

regarding the defense of Petitioner's case, which apparently included a list of potential witnesses. Id. The letter was inadvertently sent to the clerk of the court, and the clerk's office sent a copy to Mr. Johnson and the State Attorney for the Fifth Judicial Circuit. (Doc. 1; Doc. 36, pgs. 11-12). The clerk placed the original in Petitioner's court file. Id.

The prosecutor contacted Mr. Johnson to discuss the potential witnesses listed in the letter instead of contacting the clerk's office to alert it of its error. In response, Mr. Johnson filed a motion to dismiss, or, in the alternative, to disqualify the State Attorney's Office for the Fifth Judicial Circuit, in and for Marion County, Florida from the case for prosecutorial misconduct. The trial court held a hearing on the motion, and disqualified the State Attorney's Office from prosecuting the case. (Doc. 36, pg. 14). Prosecutors from the Seventh Judicial Circuit, in and for Volusia County, Florida continued with the prosecution of the case.  Id.[10]

Despite the disqualification, Petitioner argued in his August 25, 2005 motion for post-conviction relief that Mr. Johnson was "ineffective concerning his composition of a pre-trial motion to dismiss the charges due to prosecutorial misconduct by inserting the phrase 'in the alternative' into the title of the motion and ineffective by failing to move for an investigation and evidentiary hearing to determine the extent of misconduct, prejudice and appropriate remedy." (Doc. 7, Ex. XIX). The trial court denied this claim upon consideration of the motion finding that the claim was procedurally denied because

---

[10]It appears that the case remained in the Fifth Judicial Circuit even though the prosecutors from the Seventh Judicial Circuit continued with the case. (Doc. 36, pg. 14).

Petitioner failed to allege that the asserted grounds were not known and could not have been known to the Petitioner at the time he filed the initial 3.850 motion.[11]  (Doc. 7, Ex. XXI).

The trial court also found that Petitioner's claim was refuted by the record, and that Petitioner failed to satisfy the first prong of Strickland. The court stated in the order that the court properly disqualified the Office of the State Attorney for the Fifth District, transferred the case to the Governor for reassignment, and ordered the letter in question to be purged from the case file and returned to Defendant's counsel.  (Doc. 7, XXI).  The court ultimately held that:

> Defendant's counsel requested the court to dismiss the charges or disqualify the Fifth Circuit State Attorney's Office.  The court decided the appropriate sanction and disqualified the Fifth Circuit State Attorney's Office. Consequently, the Court fails to find a deficient performance on behalf of Michael Johnson.

Id.

Petitioner also claimed in his amended 3.850 motion that it was "newly discovered evidence" that Mr. Johnson was ineffective for failing to ensure that the State Attorney's Office for the Seventh Judicial Circuit did not receive the privileged letter. (Doc. 7, Ex. XX). The trial court also denied this claim in its order finding that the court had already

---

[11] According to the record, Petitioner filed a 3.850 motion for post-conviction relief on August 1, 2005. On September 9, 2005, the trial court denied the motion (Doc. 7, Ex. XVIII). On August 25, 2005, Petitioner filed another 3.850 motion. (Doc. 7, Ex. XIX).  On or about September 1, 2005, Petitioner filed an amended 3.850 motion.  (Doc. 7, Ex. XX).

addressed the claim, and that Petitioner's claim failed to demonstrate a facially valid claim for newly discovered evidence. (Doc. 7, Ex. XXI).

In the instant case, Petitioner claims Mr. Johnson was ineffective for allowing him to enter his guilty plea because the privileged letter was forwarded to the State Attorney's Office for the Seventh Judicial Circuit even though the trial court ordered the letter to be sealed and purged from the record. (Docs. 1, 2). Petitioner claims that Mr. Johnson should have discovered the fact that the letter was forwarded to the reassigned State Attorney's Office, and then filed another motion to dismiss for the violation of the court's order. (Doc. 2). Petitioner states, "[b]ut for counsel's deficient performance, there is a reasonable probability that Petitioner would not have entered a guilty plea and he would have insisted on going to trial." Id.

Upon due consideration, the undersigned finds that Ground Three of the Petition is also due to be denied. Petitioner offers nothing more than hearsay evidence that the privileged letter was forwarded to the prosecutors that were reassigned to the case.[12] Even if the evidence established that the privileged letter was in the file forwarded to the prosecutors from the Seventh Judicial Circuit, Petitioner has failed to demonstrate that

---

[12] At the evidentiary hearing, Petitioner offered a letter dated June 1, 2005, sent to the Chief Branch Discipline Counsel of the Florida Bar in relation to Petitioner's complaint against the disqualified prosecutor. (Doc. 36, Petitioner's Ex. 6). In that letter, counsel for the disqualified prosecutor wrote that the privileged letter was included in the file sent to the State Attorney's Office for the Seventh Judicial Circuit. Id. The undersigned ruled that the letter was hearsay and could not be considered for the truth-of-the matters asserted therein. (Doc. 36, pg. 57). It was, however, admitted into evidence to provide this Court with a complete record of the documents relied upon by Petitioner in support of his claims. Id. , pg. 58.

counsel's conduct rises to the level of a Constitutional deprivation of effective assistance of counsel.

Indeed, Mr. Johnson testified at the evidentiary hearing that the existence of the potential witnesses listed in the privileged letter did not factor into his advice to Petitioner to accept the negotiated plea. (Doc. 7, pg. 61). Based on the foregoing and a review of the record, including the record of the evidentiary hearing, Petitioner has failed to show that his counsel provided ineffective assistance of counsel, or that the state court's determinations that his counsel was not ineffective were contrary to, or an unreasonable application of, federal law, or were decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding.

## **RECOMMENDATION**

Accordingly, it is respectfully **RECOMMENDED** that the Petition (Doc. 1) in this case be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida this 4th day of April, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to: Juan Marcos Perez
Counsel of Record