UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUAN MARCOS PEREZ,

                    Petitioner,

-vs-                                                    Case No.  5:07-cv-227-Oc-10KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et. al.,

                    Respondents.
_____

## O R D E R DISMISSING CASE

Petitioner, a state prisoner, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting three claims for ineffective assistance of counsel.  (Doc. 1).  After conducting an evidentiary hearing, the United States Magistrate Judge entered a Report and Recommendation, recommending to the Court that the Petition for Writ of Habeas Corpus be denied.  (Doc. 38).  Petitioner, proceeding *pro se*, filed Objections to the Report. (Doc. 43).[1]

Upon an independent *de novo* examination of the file and upon due consideration, it is ORDERED and ADJUDGED that:

1.     The Petitioner's Objections (Doc. 43) are OVERRULED.  The Court agrees

_____

[1]By order dated April 27, 2011, the Court granted Petitioner's appointed counsel's Motion to Withdraw as counsel.  (Doc. 42).

with the United States Magistrate Judge's Report that the Petition is due to be denied.

## Ground One

With respect to Ground One of the Petition, Petitioner contends that his counsel, Michael Johnson, was ineffective "for failing to ensure that Petitioner knew of his right to obtain new and conflict free counsel." (Doc. 1). Petitioner argued in state court that a conflict of interest existed because Mr. Johnson represented the brother and legal guardian of the victim in Petitioner's criminal case in an unrelated matter. According to the state record, Mr. Johnson filed a motion for determination of conflict of interest and consent for parties upon learning that he had represented the victim's brother in an unrelated civil matter. On February 5, 2004, the trial court conducted a hearing on the motion for determination.

According to Petitioner's 3.850 motion for post-conviction relief, Petitioner claims that Mr. Johnson was deficient in his performance because he failed to ensure that the court properly advised Petitioner of the "exact meaning and mechanics of this particular conflict of interest and that a knowing, intelligent, voluntary and valid waiver was obtained from [Petitioner] concerning the multiple adverse consequences which could develop if [Petitioner] elected to continue with counsel Johnson as his representative." (Doc. 7, Ex. XIX). Petitioner claimed that he was prejudiced because he did not realize that the conflict "could very well have a serious affect on counsel's ability to adequately represent his best

interest and protect his constitutional rights and develop into adverse consequences of fundamentally unfair representation."  Id.

The court found that this claim was without merit. (Doc. 7, Ex. XXI).  According to the order denying the 3.850 motion, the trial court examined the transcript of the February 5, 2004 hearing, and determined that Petitioner's claim was refuted by the record.  (Doc. 7, Ex. XXI).   The order states that the court ensured that during the February 4, 2004 hearing that Petitioner had reviewed the motion and understood the issues regarding any potential conflict of interest.  Id.  Further, the court found that Petitioner requested at the hearing that Mr. Johnson continue to represent him after he responded that he understood the motion and the issues.  Based on the foregoing, the trial court denied the claim. (Doc. 7, Ex. XXI).

The Magistrate Judge addressed Ground One at the evidentiary hearing, and found that it was clear that counsel was not ineffective under Strickland.  (Doc. 38).  According to the Report and Recommendation and the record, Petitioner's trial counsel testified that he advised Petitioner regarding the potential conflict, and stated that the fact that he represented the brother had no influence on him, and was completely inconsequential to his representation of Petitioner.  Id.   Counsel also testified that Petitioner agreed to continue with the representation after he was made aware of the issue.  Id.

As stated in this Order, Petitioner has filed objections to the Report and Recommendation.  (Doc. 43). Petitioner objects to the Report because "the Magistrate

3

focused on the issue of whether a conflict existed," and the issue was "whether Petitioner was advised of his right to conflict free counsel and whether Petitioner ultimate "waiver" of that right was voluntarily and intelligently made." Id.   Petitioner also claims that counsel had a motive to deny, or at least minimize, any conflict. Id. Further, Petitioner argues that he should only have to establish that he would not have accepted the plea and would have proceeded to trial had he known that he had a right to conflict free counsel.  Id.

Upon due consideration of Ground One, the Court agrees with the Magistrate Judge that there is nothing in the record to demonstrate that Petitioner's trial counsel's performance fell below an objective standard of reasonableness or his alleged deficient performance prejudiced Petitioner.  The Court agrees with the United States Magistrate Judge's recommendation that the claim be denied because the state court's ruling resulted in a decision that was not based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding,"[2] and was not contrary to clearly established federal law.

**Ground Two**

In Ground Two, Petitioner claims that his trial counsel, Mr. Johnson, was ineffective for failing to file a notice of appeal following sentencing.  This case was referred to the Magistrate Judge for evidentiary proceedings in light of <u>Flores v. Ortega</u>.  In <u>Flores-Ortega</u>, the Supreme Court recognized two distinct factual scenarios where an attorney's failure to

---

[2] <u>See</u> 28 U.S.C. § 2254(d)(1)- (2).

4

file a notice of appeal for a client may give rise to a claim for ineffective assistance of counsel under Strickland.  528 U.S. at 476-77; see also Scott v. McDonough, 2007 U.S. App. LEXIS 4543 (11th Cir. 2007).  First, a lawyer who disregards specific instructions from the defendant to file a notice of appeal is *per se* deficient.  Id. at 477.  Second, an attorney who fails to consult with the defendant about an appeal may be deficient for not filing a notice of appeal in certain circumstances.  Id. at 479-80.

The Magistrate Judge found that Petitioner relies on the first scenario recognized by Flores-Ortega in that he claims that Mr. Johnson disregarded his express instructions to file an appeal on his behalf. (Doc. 38).  According to the Report and Recommendation, the Magistrate Judge credited trial counsel's version of the events over that of Petitioner, and found that Petitioner did not instruct counsel to file a notice of appeal.  Id.

Petitioner objects to the Magistrate Judge's finding and argues that "it ignores the fact that [Petitioner] presented evidence to demonstrate that he anticipated and desired an appeal from day one."  (Doc. 43).  Petitioner claims that counsel's testimony at the evidentiary hearing does not refute Petitioner's claim that he sent a letter directing counsel to file a notice of appeal.  Id.  Further, Petitioner argues that the apparent inconsistencies in Petitioner's state court filings merely demonstrated his "ineptness in presenting his claims," and did not show that he failed to instruct his counsel to file a notice of appeal after his plea.  Id.

Upon an independent review of the record, the Court finds that the objections are due to be overruled.  At the evidentiary hearing, Petitioner testified that he told his trial counsel just prior to his change of plea hearing that he wanted to appeal the denial of a pretrial motion to dismiss and motion to suppress.  (Doc. 36, pgs. 31-33).  Petitioner also testified that during the change of plea hearing, he conferred with the attorney in order to get reassurance that the denial of the pretrial motions would be appealed regardless of the outcome of the change of plea hearing.  Petitioner argued that although he waived his right to appeal during the plea colloquy, he actually thought he was merely waiving his right to appeal his guilty plea, but retained his right to appeal the denial of the motions.  At the evidentiary hearing, Petitioner asserted that counsel advised him that he would appeal the denial of the motions.  Id. at pgs. 32-22.

In support of his argument that he advised counsel to file an appeal regardless of waiver, Petitioner submitted three letters from 2003 into evidence. The first letter dated September 23, 2003 is sent from Mr. Johnson to Petitioner and addresses the issue of Petitioner's pre-trial motion to dismiss.  The letter states:

> As I told you earlier in person, while the conduct of the State Attorney's office warranted disqualification, that would remedy any harm and dismissal would not be proper.  In any event the issue is preserved.

(Doc. 36, Petitioner's Exhibit 1).

Petitioner also submitted a letter dated October 8, 2003 from Petitioner to Mr. Johnson regarding the motion to dismiss, which provides the following:

> Also, I have not received a response to my question regarding an appeal of
> the judge's decision not to dismiss.  If there is a chance to appeal, then I don't
> want to lose it because we did not do it in time...

(Doc. 36, Petitioner's Ex. 2).

Petitioner submitted another letter dated October 14, 2003 from Mr. Johnson

to Petitioner, which states:

> With regard to an appeal of the denial of your motion to dismiss, your right to
> appeal is preserved.

(Doc. 36, Petitioner's Ex. 3).

Finally, Petitioner submitted a letter dated June 2, 2004 that he allegedly wrote to Mr.

Johnson a few weeks after the change of plea hearing, which states:

> Mr. Johnson, this is just to remind you of what we had spoken about and
> agreed on previously.  You advised me in your letter dated January 10, 2004,
> that it would make more sense to accept the plea offer, then we would appeal.
> Therefore, I'm confident that you have already filed the notice of appeal.  If
> not, then please do so will [sic] there is still time.  Could you please let me
> know how long the appeals process will take?

(Doc. 36, Petitioner's Exhibit 5).

As stated in the Report and Recommendation, while Mr. Johnson does not deny that

the letters dated 2003 where sent or received during the course of the criminal case, he

disputes that Petitioner requested that he file a notice of appeal at the change of plea

hearing after being advised that he would waive his right to appeal if he pleads guilty.

(Doc. 36, pgs. 21-24). He also denies that he received the June 2, 2004 letter.  Instead, Mr.

Johnson states that he and the judge both told Petitioner during the plea colloquy that he

had waived his right to appeal, and there is no doubt in his mind that Petitioner understood

that he was waiving his right. (Doc. 36, pgs. 19, 23).  Regardless of the waiver, Mr. Johnson unequivocally testified that he would have filed an appeal on Petitioner's behalf if Petitioner advised him that he still wanted to appeal.  Id. at 22, 24.

Further, in support of Mr. Johnson's assertion that he did not receive the June 2, 2004 letter requesting the appeal, Respondents rely on the fact that Petitioner did not cite to or refer to the letter with respect to the ineffective assistance claim in his petition for belated appeal, second petition for belated appeal, or petition for writ of habeas corpus to the Florida Supreme Court.  (Doc. 36, pgs. 43-44).  Petitioner admittedly did not submit the letter to the state court until he filed a reply to the response to the motion for post-conviction relief in April 2006.  (Doc. 36, pgs. 46-48; Respondents' Ex. 1).

Moreover, during the March 11, 2011 hearing, Respondents presented evidence which they argue demonstrates that Petitioner's allegations in the state court filings on this claim are contradictory on this issue.  Specifically, Petitioner stated in his belated appeal that, "[upon sentence, [Petitioner] asked trial counsel Michael W. Johnson to file an appeal on the denial of his pretrial motions.  At this time counsel informed [Petitioner] that he waived his right to appeal when he entered his guilty plea." (Doc. 7, Ex. VI).  However, Petitioner's second petition for belated appeal states, "After imposition of sentence, appellate told his retained counsel, Michael W. Johnson, that he wanted to appeal. Counsel assured appellant that he would file the required notice of appeal yet failed to do so." (Doc. 7, Ex. XI).  In response to counsel's inquiry on cross-examination as to why the two documents contradict, Petitioner responded, "I couldn't tell you." (Doc. 36, pgs. 41-42).

8

Upon due consideration, the Court finds that while Petitioner may have sent correspondence regarding a potential appeal during the course of the criminal case, the evidence shows that the state subsequently offered a plea, and counsel and the court explained to petitioner that acceptance of the plea would waive the right to appeal.  The Court is not persuaded that Petitioner directed his counsel to file an appeal immediately before, during or at any time following entry of his guilty plea.  The Court credits the trial counsel's version of events, and agrees with the Magistrate Judge that Petitioner's claim that his counsel was ineffective for failing to file a notice of appeal after Petitioner directed him to do so should be denied.

**Ground Three**

In Ground Three, Petitioner claims that his trial counsel was ineffective for failing to ensure that a "privileged letter did not end up in the hands of the new prosecutor's office." (Doc. 1).  In February 2003, Petitioner wrote a letter to his counsel  regarding the defense of Petitioner's case, which apparently included a list of potential witnesses.  Id.  The letter was inadvertently sent to the clerk of the court, and the clerk's office sent a copy to Petitioner's counsel and the State Attorney.  (Doc. 1; Doc. 36, pgs. 15-16).  The clerk placed the original in Petitioner's court file.  Id.

The prosecutor contacted the trial counsel to discuss the potential witnesses listed in the letter instead of contacting the clerk's office to alert it of its error.  In response,

Petitioner's counsel filed a motion to dismiss, or, in the alternative, to disqualify the State Attorney's Office for the Fifth Judicial Circuit, in and for Marion County, Florida from the case for prosecutorial misconduct.  The trial court held a hearing on the motion, and disqualified the State Attorney's Office from prosecuting the case.  (Doc. 36, pg. 14). Prosecutors from the Seventh Judicial Circuit, in and for Volusia County, Florida continued with the prosecution of the case.  Id.

Despite the disqualification, Petitioner argued in his August 29, 2005 motion for post-conviction relief that his counsel was "ineffective concerning his composition of a pre-trial motion to dismiss the charges due to prosecutorial misconduct by inserting the phrase 'in the alternative' into the title of the motion and ineffective by failing to move for an investigation and evidentiary hearing to determine the extent of misconduct, prejudice and appropriate remedy." (Doc. 2).   The trial court denied this claim as procedurally barred because Petitioner failed to allege that the asserted grounds were not known and could not have been known to the Petitioner at the time he filed the initial 3.850 motion.[3]

The trial court also found that Petitioner's claim was refuted by the record, and that Petitioner failed to satisfy the first prong of Strickland. The court stated in the order that the court properly disqualified the Office of the State Attorney for the Fifth District, transferred the case to the Governor for reassignment, and ordered the letter in question to be purged

---

[3]According to the record, Petitioner filed a 3.850 motion for post-conviction relief on August 1, 2005.  On September 9, 2005, the trial court denied the motion (Doc. 7, Ex. XVIII).  On August 25, 2005, Petitioner filed another 3.850 motion.  (Doc. 7, Ex. XIX).   On or about September 1, 2005, Petitioner filed an amended 3.850 motion.  (Doc. 7, Ex. XX).

form the case file and returned to Defendant's counsel. (Doc. 7, XXI).  The court ultimately held that:

> Defendant's counsel requested the court to dismiss the charges or disqualify the Fifth Circuit State Attorney's Office.  The court decided the appropriate sanction and disqualified the Fifth Circuit State Attorney's Office. Consequently, the Court fails to find a deficient performance on behalf of Michael Johnson.

Id.

Petitioner also claimed in his amended 3.850 motion that it was "newly discovered evidence" that his counsel was ineffective for failing to ensure that the State Attorney's Office for the Seventh Circuit did not receive the privileged letter. (Doc. 2).  The trial court also denied this claim in its order finding that the court had already addressed the claim, and that Petitioner's claim failed to demonstrate a facially valid claim for newly discovered evidence.  (Doc. 7, Ex. XXI).

In the instant case, Petitioner claims his counsel was ineffective for allowing him to enter his guilty plea because the privileged letter was forwarded to the State Attorney's Office for the Seventh Judicial Circuit even though the trial court ordered the letter to be sealed and purged from the record. (Docs. 1, 2).  Petitioner claims that his counsel should have discovered the fact that the letter was forwarded to the reassigned State Attorney's Office, and then filed another motion to dismiss for the violation of the court's order.  (Doc. 2).  Petitioner states, "[b]ut for counsel's deficient performance, there is a reasonable probability that Petitioner would not have entered a guilty plea and he would have insisted on going to trial." Id.

11

The Magistrate Judge found this claim was also due to be denied as Petitioner offered nothing more than hearsay evidence that the privileged letter was forwarded to prosecutors that were reassigned to the case.  The Magistrate Judge found that even if the evidence can be considered for the truth of the matter asserted - that the letter remained in the file - Petitioner failed to demonstrate that counsel's conduct rises to the level of a Constitutional deprivation of effective assistance of counsel.

Petitioner objects to the Magistrate Judge's findings "because the pleadings and the record clearly demonstrate that Petitioner was forced into taking the plea because he feared that the privileged letter would be forwarded to the State Attorney's Office for the Seventh Judicial Circuit and cause the very prejudice to his right to a fair trial that caused the trial court to disqualify the State Attorney's Office for the Fifth Judicial Circuit."  (Doc. 43).

Upon due consideration, the Court finds that Petitioner's objections are due to be overruled.  Petitioner has failed to show that his counsel provided ineffective assistance of counsel, or that the state court's determinations that his counsel was not ineffective were contrary to, or an unreasonable application of, federal law, or were decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding.

2.      The Magistrate Judge's Report and Recommendation (Doc. 38), is ADOPTED, CONFIRMED, AND MADE A PART HEREOF.

12

3.      The Clerk is directed to enter judgment dismissing this case **with**

**prejudice**, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 19th day of May, 2011.

_____

UNITED STATES DISTRICT JUDGE

Copies to:   Juan Marcos Perez
             Counsel of Record

13